## Wytheville

### MATHEWS V. HICKMAN.

#### June 12, 1913.

1. HIGHWAYS—*Roads—Location—Case at Bar.*—The evidence in the case at bar satisfactorily establishes that the true location of the road in controversy is that claimed by the plaintiff in his bill. The road conforms to the description given in the deed under which the plaintiff claims, is upon the location understood between the plaintiff and his grantors, and this construction of the rights of the parties has been continuously acted upon by the parties, without objection, from the time the plaintiff obtained his deed in 1887 until the defendant undertook to obstruct the plaintiff in his use of the road.

Appeal from a decree of the Circuit Court of Accomac county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Stewart K. Powell,* for the appellant.

*L. Floyd Nock* and *Benj. T. Gunter,* for the appellee.

HARRISON, J., delivered the opinion of the court.

In response to the prayer of the bill in this case the circuit court granted an injunction restraining and prohibiting the defendant, Samuel E. Hickman, his agents and all others from obstructing the road mentioned in the bill, or from in any manner interfering with the complainant, Tulley J. Mathews, his agents or tenants, in the

use and enjoyment of such road. Subsequently on the 6th day of April, 1912, upon final hearing, the court entered a decree dissolving the injunction theretofore granted, holding that the plaintiff was not entitled to the road claimed in his bill. From that decree this appeal was taken.

The record shows that by deed dated October 4, 1887, Ephraim Wessells (of D) conveyed to George T. Ewell and the complainant a tract of land containing forty acres, more or less, it being part of a larger tract owned by the grantor, and that afterwards, by deed dated January 25, 1890, George T. Ewell conveyed his interest in the land to his co-purchaser, the plaintiff. The deed of October, 1887, from Ephraim Wessells (of D), conveying this forty acres of land to the plaintiff and his co-purchaser, contains the following provision: "The said Ephraim Wessells (of D) is to give to the said George T. Ewell and Tulley J. Mathews a road fifteen feet wide running to the Cornelius Hickman road, and then to the land of Gillett Mason." It is clear from the evidence that the "Cornelius Hickman road," referred to in this deed, is no other than that portion of the "Bloxom road" which runs in front of the Cornelius Hickman premises. It appears that the forty acres had no outlet and that the foregoing provision in the deed was intended to secure to the grantees a convenient outlet for their land to the Bloxom road. It is shown that at the time this deed to the forty acres of land was made by Ephraim Wessells the road now contended for by the plaintiff was in existence and extended across the northeast side of the land retained by Wessells, out to the Bloxom road in front of Cornelius Hickman, and had been for many years prior thereto recognized as an open road. This road conforms to the description of the road mentioned in the deed. It runs to the Bloxom road in front of Cornelius Hickman, and thence to the land of Gillett Mason.

It appears that at the time of the conveyance of the forty acres, it was understood between Ephraim Wessells and his grantees that the then existing road over the northeast side of the land retained by him was the road intended by the terms of the deed, and this construction of their rights has been continuously acted upon by the parties, without objection, until the defendant undertook to obstruct the plaintiff in his use of the road. Some time after the deed to the forty acres was made and recorded, Ephraim Wessells sold to John E. Hickman, the father of the defendant, under whom the latter claims, that portion of the land reserved by him over which the road claimed by the plaintiff runs. The defendant does not deny that the plaintiff is entitled, under his deed, to a road fifteen feet wide, as an outlet from his forty acres, but insists that the road intended by such deed is not located upon the land owned by him, but that its true location is about 676 yards west of that claimed by the plaintiff and upon the remaining land of Wessells after his sale to the defendant.

The evidence wholly fails to sustain this contention. The road as located by the defendant would not conform to the description of the road mentioned in the plaintiff's deed. Instead of having its exit on the "Bloxom road" at the point named in the deed, it would come out into that road at a point 625 yards west thereof, where Cornelius Hickman, at the time, owned no land. There is nothing in the description of the road in controversy, as set forth in the deed, that could lead to the conclusion that it ran as the defendant contends, and, without prolonging this opinion with further details, it is enough to say that the evidence satisfactorily establishes that the true location of the road in controversy is that claimed by the plaintiff in his bill.

The decree complained of must, therefore, be reversed,

and this court will enter such decree as the circuit court ought to have entered, perpetuating the injunction restraining and prohibiting the defendant, Samuel E. Hickman, his agents and all others, from obstructing the road claimed by the plaintiff in his bill, or from in any manner interfering with the complainant, his agents or tenants in the use and enjoyment of such road.

*Reversed.*